| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| **PLAINTIFF**<br><br>LINDA KOYANAGI | VS. | **DEFENDANT(S)**<br><br>DOUGLAS EMMETT 2010, LLC dba Bishop Square, a foreign for profit limited company; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10 and DOE ENTITIES 1-10 |

**PLAINTIFF'S NAME & ADDRESS, TEL. NO.**

JOHN D. YAMANE   2577-0   / E. KAU'I YAMANE 9414-0
LEAVITT, YAMANE & SOLDNER
Pacific Guardian Center – Mauka Tower
737 Bishop Street, Suite 1740
Honolulu, Hawaii 96813
Tel:  521-7474 / F: 521-7749

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon
John D. Yamane, Esq. / E. Kau'i Yamane, Esq.
Pacific Guardian Center - Mauka Tower
737 Bishop Street, Suite 1740, Honolulu, HI 96813

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http:/www.courts.state.hi.us | Effective Date of 28-Oct-2019<br>Signed by: /s/ Patsy Nakamoto<br>Clerk, 1st Circuit, State of Hawai'i |  |
|---|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.

Form 1C-P-787 (1CCT) (10/19)
Summons to Complaint   RG-AC-508 (10/19)

Exhibit A

JOHN D. YAMANE     2577-0
yamane@lyslaw.com
E. KAU'I YAMANE     9414-0
kyamane@lyslaw.com
LEAVITT, YAMANE & SOLDNER
Pacific Guardian Center – Mauka Tower
737 Bishop Street, Suite 1740
Honolulu, Hawaii 96813
Telephone: (808) 521-7474
Facsimile: (808) 521-7749

Attorneys for Plaintiff
LINDA KOYANAGI

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-21-0001471**
**30-NOV-2021**
**10:50 AM**
**Dkt. 1 CMPS**

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| LINDA KOYANAGI,<br><br>            Plaintiff,<br><br>   vs.<br><br>DOUGLAS EMMETT 2010, LLC dba Bishop Square, a foreign for profit limited company; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10 and DOE ENTITIES 1-10,<br><br>            Defendants. | Civil No.<br>(Other Non-Vehicle Tort)<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

Plaintiff LINDA KOYANAGI, by and through her attorneys, Leavitt, Yamane and Soldner, and for causes of action against Defendant above-named, allege and aver as follows:

    1.     At all times relevant herein, Plaintiff LINDA KOYANAGI ("Plaintiff Linda") is a resident of the City and County of Honolulu, State of Hawaii.

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai'i.
Dated at: Honolulu, Hawai'i 30-NOV-2021, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai'i 

2. Upon information and belief, Defendant DOUGLAS EMMETT 2010, LLC dba Bishop Square ("Defendant"), was and is a foreign for profit limited company in the City and County of Honolulu, State of Hawaii.

3. JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE "NON-PROFIT CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10 and DOE ENTITIES 1-10, (collectively, "Doe Defendants") (collectively referred to as "Doe Defendants"), are persons, corporations, partnerships, business entities and/or governmental entities who acted in a negligent, wrongful or tortious manner which proximately caused or contributed to the injuries and damages sustained by Plaintiff. Plaintiff has been unable to ascertain the names and identities of the above-named Doe Defendants from the investigation that has been conducted to date. Accordingly, Plaintiff has sued the unidentified Doe Defendants herein with fictitious names pursuant to Rule 17(d) of the Hawaii Rules of Civil Procedure, and Plaintiff will substitute the true names, identities, capacities, acts and/or admissions of Doe Defendants when the same are ascertained.

## JURISDICTION AND VENUE

4. All events material to this Complaint occurred with the City and County of Honolulu, State of Hawaii, and within the jurisdiction of the Circuit Court of the First Circuit, State of Hawaii.

## COUNT I - NEGLIGENCE/MISCONDUCT

5. Plaintiff restates and incorporates the preceding paragraphs as though fully set forth herein.

6. At all times relevant hereto, Defendant DOUGLAS EMMETT 2010, LLC owned, operated, and/or maintained property located at Bishop Square, Honolulu, Hawaii ("Premises").

7. On January 8, 2020, Defendant possessed, owned, operated, maintained and/or controlled the premises known as "Bishop Square" located at 1001 Bishop Street and 1003 Bishop Street, Honolulu, Hawaii 96813.

8. Bishop Square is an office complex located in downtown Honolulu, Hawaii. It is comprised of two office towers, a park, a sundry shop, restaurants, and a water feature with seating along the sides.

9. Throughout Bishop Square most of the exterior walking surfaces are a concrete or rough surface.

10. On January 8, 2020, near the Alakea Street entrance to Bishop Square there was a rectangle shaped gray exterior walking area that was smooth and slippery.

11. The members of the public are openly invited by Defendant to visit Bishop Square for parking, visiting offices, shopping, dining and sitting.

12. Members of the public are invited to use Bishop Square's facilities and/or services, including its walking surfaces.

13. Defendant and Defendant's employees are and at all relevant times were responsible for inspecting its property for unsafe conditions.

14. Defendant and Defendant's employees are and at all relevant times were responsible for maintaining the exterior walking surfaces at Bishop Square, including the surface areas at the entrances, in a reasonably safe condition.

15. Defendant is and at all relevant times was aware or should have been aware that hazards on the exterior walking surfaces are or were in an unsafe condition.

16. Defendant is and at all relevant times was responsible for supervising employees as reasonably necessary to maintain Bishop Square in a reasonable safe condition.

17. Defendant is and at all relevant times was responsible for scheduling employee shifts, including janitorial and maintenance staff, at Bishop Square as reasonably necessary to monitor the walking surfaces for potentially unsafe conditions.

18. Defendant is and at all relevant times was responsible for scheduling employee shifts, at Bishop Square as reasonably necessary to maintain the walking surfaces in a reasonably safe condition.

19. Defendant is and at all relevant times was responsible for training employees as reasonably necessary to keep Bishop Square in a reasonably safe condition.

20. Defendant is and at all relevant times was responsible for supervising employees as reasonably necessary to maintain Bishop Square in a reasonably safe condition.

21. Defendant and Defendant's employees are and at all relevant times were responsible for identifying slipping hazards or unsafe conditions on walking surfaces at Bishop Square.

22. Defendant and Defendant's employees are and at all relevant times were responsible for warning customers about any slipping hazards on walking surfaces at Bishop Square as soon as reasonably possible after a hazard is identified.

23. Defendant and Defendant's employees have a duty to guard the public, including customers, against slipping and falling hazards at Bishop Square.

24. Defendant and Defendant's employees have a duty to warn the public, including customers, of slipping and falling hazards at Bishop Square.

25. Defendant and Defendant's employees have a duty to warn the public, including customers, if there is or are slipping hazards on a walking surface at Bishop Square until the hazard or hazards is or are removed.

26. On January 8, 2020, Plaintiff Linda went to the Bishop Square during business hours.

27. As Plaintiff Linda walked up Bishop Square's walkway from the Alakea Street sidewalk toward the mall entrance, she slipped and fell on the gray rectangle shaped walking area.

28. Due to intermittent rain, the walking surface was wet and slippery.

29. Defendant and Defendant's employees have a duty and responsibility to maintain its walking surfaces at Bishop Square in a safe and prudent manner to protect members of the public who visit the property.

30. Defendant and Defendant's employees knew or reasonably should have known the risk of danger caused by smooth and slippery exterior walking surfaces and owed a duty to the public, including Plaintiff Linda, to take the reasonable steps to inspect surface areas and eliminate any reasonable risks of harm, or adequately warn against it.

31. Defendant has and at all relevant times had, a duty to eliminate and/or mitigate unreasonable risk of harm.

32. Defendant has and at all relevant times had, a duty to maintain the premises in a reasonably safe condition.

33. Defendant has and at all relevant times had, a responsibility to inspect for unsafe conditions.

34. Defendant has a duty to guard the public against slipping hazards on the premises.

35. Defendant has a duty to warn the public of slipping hazards that exist on the premises.

36. Defendant breached these duties and all others described herein to Plaintiff.

## COUNT II - PLAINTIFF LINDA'S HARMS AND LOSSES/DAMAGES

37. Plaintiff restates and incorporates the preceding paragraphs as though fully set forth herein.

38. The misconduct of Defendant was a substantial factor in causing Plaintiff Linda to suffer serious and permanent injuries, including but not limited to a fractured patella.

39. The misconduct of Defendant was a substantial factor in Plaintiff Linda sustaining special and general damages, including but not limited to:

    a. Medical-rehabilitative expenses;

    b. Future medical care expenses;

    c. Past and future lost wages and/or diminished earning capacity; and

    d. Physical pain, emotional distress, mental anguish, loss of enjoyment of life and all other general damages as allowed by law.

Plaintiff seeks leave to amend the Complaint at the time of trial to include such additional amounts and damages as may be appropriate.

40. Defendant's misconduct is a substantial factor and a legal cause of the injuries and damages sustained by Plaintiff Linda as herein alleged and Defendant is liable to Plaintiff Linda for the injuries and damages legally cause by the misconduct herein an amount to be proven at trial.

41. Defendant's refusal to accept full financial responsibility for Plaintiff Linda's injuries and losses/damages was and is a substantial factor in Plaintiff Linda experiencing great worry and distress, including delaying the healing process.

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

    A. For special damages in an amount to be shown at the time of trial;

B.      For general damages in an amount to be shown at the time of trial and in excess of the minimal jurisdictional amount of this Court;

C.      For prejudgment interest and post-judgment interest;

D.      For attorneys' fees and costs of suit; and

E.      For such other relief as the Court may deem just and equitable in the premises.

DATED: Honolulu, Hawaii, November 30, 2021.

                                             /s/ John D. Yamane
                                             JOHN D. YAMANE
                                             E. KAUʻI YAMANE
                                             Attorneys for Plaintiff